Jeffrey Lamont INGRAM,
Plaintiff–Appellant,

v.

Unknown JEWELL, et al.,
Defendants–Appellees.

No. 03–1935.

United States Court of Appeals,
Sixth Circuit.

March 24, 2004.

Before BATCHELDER and GIBBONS, Circuit Judges; and BEER, District Judge.*

### ORDER

Jeffrey Lamont Ingram, a Michigan prisoner proceeding pro se, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Ingram filed the instant complaint for incidents that occurred while he was in administrative segregation at the Riverside Correctional Facility in Ionia, Michigan, from November 2, 2001, through January 2, 2002. Ingram alleged that the defendant prison employees and officials: 1) violated his Eighth and Fourteenth Amendment rights as a result of the denial of toilet access; 2) violated his Eighth and Fourteenth Amendment rights as a result of the deprivation of an extension cord; 3) retaliated against him for filing grievances; and 4) denied him due process by failing to provide him an adequate opportunity to prepare a defense in an administrative

hearing. Ingram sued the defendants in their individual and official capacities, and sought monetary relief.

The parties filed motions for summary judgment. The matter was referred to a magistrate judge who recommended that summary judgment be granted to the defendants on all of Ingram's claims. The district court adopted the magistrate judge's report and recommendation over Ingram's objections. This appeal followed.

We review de novo a grant of summary judgment. *Brooks v. Am. Broad. Cos.*, 932 F.2d 495, 500 (6th Cir.1991). Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to [a] judgment as a matter of law." *Canderm Pharmacal, Ltd. v. Elder Pharm., Inc.*, 862 F.2d 597, 601 (6th Cir.1988) (quoting Fed.R.Civ.P. 56(c)).

█ Upon review, we conclude that summary judgment for the defendants was proper with respect to Ingram's claim regarding the denial of toilet access. Ingram's Eighth Amendment claim against defendants Price, Dinglday, Davis, Conrad, Krick, Young, Jewell, and McCullen fails because it is predicated upon a respondeat superior theory of liability. The theory of respondeat superior cannot provide the basis for liability in § 1983 actions. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Taylor v. Michigan Dep't of Corr.*, 69 F.3d 76, 80–81 (6th Cir. 1995). Furthermore, nothing in the record indicates that defendants Price or McCullen authorized, approved or know-

---

* The Honorable Peter Beer, United States District Judge for the Eastern District of Louisiana, sitting by designation.

ingly acquiesced in the denials of emergency toilet access. *See Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir.1984). In addition, while defendants Young and Jewell were advised after the fact, nothing in the record indicates that they were aware of the situation. Under these circumstances, Ingram has failed to show that these supervisory personnel, defendants Price, McCullen, Young, and Jewell, participated in Ingram's alleged deprivation of toilet access. *Id.*

█ With regard to defendants Krick and Davis, even if it is assumed that these defendants had knowledge of Ingram's claim that unnamed personnel fraudulently marked his cell card and denied him toilet access, such knowledge does not make these defendants liable. "[S]upervisory liability under § 1983 cannot attach where the allegation of liability is based upon a mere failure to act ... the liability must be based upon active unconstitutional behavior." *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir.1998).

█ Ingram's Eighth Amendment claim regarding the deprivation of the extension cord also fails. Ingram's claim is based upon the allegation that he required an extension cord to operate his fan and that defendant McCullen's confiscation of the extension cord deprived him of adequate ventilation in his cell. While it is conceivable that cell ventilation was so inadequate as to fall below "the minimal civilized measure of life's necessities," *Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981), Ingram has not alleged such an inadequacy. *See Dixon v. Godinez*, 114 F.3d 640, 645 (7th Cir.1997). Accordingly, summary judgment on Ingram's claim that confiscation of the extension cord violated his constitutional rights was proper.

█ Ingram's retaliation claim also fails. To state a First Amendment claim for retaliation, a plaintiff must establish that:

1) he engaged in protected conduct; 2) he suffered an adverse action which would deter a person of ordinary firmness from continuing to engage in the protected conduct; and 3) the adverse action was motivated at least in part by the protected conduct. *Thaddeus–X v. Blatter*, 175 F.3d 378, 394 (6th Cir.1999). Ingram did not suffer an adverse action that would have deterred a person of ordinary firmness from filing further complaints. Neither Ingram's loss of the extension cord, the $3.00 cost of the cord, nor his 14 days of lost privileges constitutes "adverse action" that would deter a person of ordinary firmness from engaging in the protected activity of filing grievances. *Id.* at 396–97.

█ Finally, Ingram's due process claim fails. Ingram claimed that defendant Yokom violated his due process rights when he denied Ingram an opportunity to prepare an adequate defense, found him guilty of a minor misconduct, and sanctioned him with a loss of 14–days privileges and the cost of the extension cord ($3.00). In order to show the deprivation of a liberty interest protected by the Fourteenth Amendment, a prisoner must show that the act extended the duration of his sentence, or that he suffered an atypical, significant deprivation. *See Sandin v. Conner*, 515 U.S. 472, 484, 486–87, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). Here, the sanctions imposed on Ingram, *i.e.*, the cost of replacing the damaged extension cord, and a 14 day loss of privileges, did not deprive him of a protected liberty interest because the sanctions neither extended the duration of his sentence nor imposed an atypical, significant deprivation. *Id.*

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.